### PLEADING IN ACTION FOR LIBEL.

Circuit Court of Cuyahoga County.

HERMAN PREUSSER v. F. V. FAULHABER.

Decided, January 11, 1909.

*Libel—Court Proceedings—Sufficiency of Petition.*

In an action for libel based on words used in papers filed in disbarment proceedings, the petition is demurrable if it fails to allege that the defendant was guilty of intentional falsehood, or that he took advantage of legal proceedings to utter false, malicious and slanderour words.

*Herman Preusser,* for plaintiff in error.
*Mooney & Mahon,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

It can not be denied that the libelous articles complained of bear internal evidence that they were filed in court by the defendant in disbarment proceedings as charges of unprofessional conduct against the plaintiff.

Whether all statements made by parties and witnesses in court are absolutely privileged, is a question that does not appear to have been squarely decided by the Supreme Court of this state. It was found unnecessary to decide this question in the cases of *Lanning* v. *Christy,* 30 O. S., 115, and *Liles* v. *Gasler,* 42 O. S., 631. There is an *obiter* in the case of *The Post Publishing Co.*

v. *Maloney,* 50 O. S., 71, 84, to the effect that: "In such cases the privilege constitutes an absolute bar to the action."

In this case the petition, to which a demurrer was sustained, contains no allegation that the defendant was guilty of intentional falsehood, or that he took advantage of legal proceedings to utter false, malicious and slanderous words. Such being the case, the inference or presumption of malice that would arise, if the words were not used in a judicial proceeding, is rebutted by that fact. *Liles* v. *Gaster, supra.*

Judgment affirmed.